AUSA: Shaun E. Werbelow

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JANO ROMERO-JIMENEZ,<br><br>Defendant. | 24 mj 773<br><br>**SEALED COMPLAINT**<br><br>Violations of Title 21 U.S.C. §§ 841, 846<br><br>COUNTY OF OFFENSE:<br>WESTCHESTER |

SOUTHERN DISTRICT OF NEW YORK, ss.:

    Richard J. Light, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), and charges as follows:

## COUNT ONE
### (Conspiracy to Distribute Narcotics)

    1.    From at least on or about February 20, 2024 through at least on or about February 21, 2024, in the Southern District of New York and elsewhere, JANO ROMERO-JIMENEZ, the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

    2.    It was a part and an object of the conspiracy that JANO ROMERO-JIMENEZ, the defendant, and others known and unknown, would and did possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    3.    The controlled substance involved in the offense was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Possession with Intent to Distribute Narcotics)

    4.    On or about February 21, 2024, in the Southern District of New York and elsewhere, JANO ROMERO-JIMENEZ, the defendant, knowingly and intentionally possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    5.    The controlled substance involved in the offense was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Task Force Officer with the DEA, and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my own personal knowledge, my training and experience in investigating narcotics crimes, and my conversations with other law enforcement officers and others. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents or records and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. On or about February 21, 2024, a DEA confidential source ("CS-1")[1] met JANO ROMERO-JIMENEZ, the defendant, to purchase 40 pounds (approximately 18 kilograms) of methamphetamine. Based on a recording of that meeting, along with conversations with other law enforcement officers, I have learned, in substance and in part, the following:

   a. On or about February 20, 2024, CS-1 communicated by WhatsApp with one of the defendant's co-conspirators ("CC-1") to arrange for the purchase of 40 pounds (approximately 18 kilograms) of methamphetamine. CC-1 provided CS-1 with a WhatsApp number ending in x4452 for another individual who would meet CS-1 to supply CS-1 with the narcotics.

   b. On or about February 20, 2024, CS-1 began communicating with the WhatsApp number ending in x4452. CS-1 agreed with the individual using that number to meet the next day to complete the narcotics transaction. On or about February 21, 2024, they agreed to meet at an address in White Plains, NY provided by CS-1 ("Address-1").

   c. At approximately 3:05 p.m. on or about February 21, 2024, CS-1 arrived in the parking lot of Address-1 in a black truck. A few minutes later, CS-1 received a call from the WhatsApp number ending in x4452, and the individual using that number explained that he had just arrived at Address-1. CS-1 stated that he was parked at Address-1 in a black truck, and immediately thereafter a red Toyota SUV pulled into the parking spot directly behind CS-1.

   d. CS-1 exited the black truck and approached the red Toyota. JANO ROMERO-JIMENEZ, the defendant, exited the red Toyota; opened the trunk to the vehicle; and removed a large box, which he placed in the backseat of the vehicle. ROMERO-JIMENEZ presented CS-1 with a bag from the box that contained a white crystalized substance whose texture and appearance was consistent with that of methamphetamine. CS-1 then told ROMERO-JIMENEZ that he would go get him the money for the drugs from his truck, at which time law enforcement agents intervened and arrested ROMERO-JIMENEZ. There were no other passengers in the red Toyota.

   e. Upon his arrest, law enforcement agents seized the bag presented by JANO ROMERO-JIMENEZ, the defendant, to CS-1, which weighed approximately one pound and field-

---

[1] CS-1 has been working with the DEA for approximately 20 years, has no criminal history, and is being compensated monetarily for his services. Information provided by CS-1 has proven reliable, has been verified independently by law enforcement, and has led to the seizure of large quantities of narcotics.

tested positive for methamphetamine. Law enforcement agents also seized the large box ROMERO-JIMENEZ had placed in the backseat of the red Toyota, which contained 39 other bags of similar size, weight, and appearance. Together, the seized bags, pictured below, weighed approximately 40 pounds.

 

WHEREFORE, I respectfully request that JANO ROMERO-JIMENEZ be arrested, and imprisoned or bailed, as the case may be.

Richard J. Light
Task Force Officer
Drug Enforcement Administration

Sworn to before me this 22 day of February, 2024.

THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

3